# IN THE SUPREME COURT OF THE STATE OF NEVADA

TONOPAH SOLAR ENERGY, LLC, A
DELAWARE LIMITED LIABILITY
COMPANY,

Appellant,

vs.

BRAHMA GROUP, INC., A NEVADA
CORPORATION,

Respondent.

No. 78092

FILED

AUG 3 1 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from an order denying a motion to expunge a mechanic's lien and awarding fees and costs. Fifth Judicial District Court, Nye County; Steven Elliott, Judge.

Appellant has filed a notice of bankruptcy, informing this court that appellant has filed a voluntary petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware, Case No. 20-11884 (KBO). The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand Fin. Corp. v. Miller Mining Co., Inc.*, 817 F.2d 1424 (9th Cir. 1987). It appears that appellant was a counter-defendant and defendant-in-intervention in the proceedings

26-32030

below and challenges an award of attorney fees and costs against it; therefore, this appeal is stayed pursuant to the automatic stay provisions of federal bankruptcy law.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, this court concludes that judicial efficiency will be best served if this appeal is dismissed without prejudice. Because a dismissal without prejudice will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—the court further concludes that such dismissal will not violate the bankruptcy stay.[1] *See Indep. Union of Flight Attendants v. Pan Arn. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of the statute"); *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case").

Accordingly, this appeal is dismissed. This dismissal is without prejudice to appellant's right to move for reinstatement of this appeal within 90 days of either the lifting of the bankruptcy stay or final resolution

---

[1]The automatic stay provides a debtor "with protection against hungry creditors and gives the debtor a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995). Further, it assures creditors "that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-56.

of the bankruptcy proceedings, if appellant deems such a motion appropriate at that time.

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:  Chief Judge, The Fifth Judicial District Court
Hon. Steven Elliott, Senior Judge
Lansford W. Levitt, Settlement Judge
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
Peel Brimley LLP/Henderson
Nye County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A